# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EVOLVE INTERACTIVE LLC,<br><br>        Plaintiff,<br>v.<br><br>UNITED AIRLINES, INC.,<br><br>        Defendant. | Civil Action No. 1:21-cv-00444-MN<br><br>**JURY TRIAL DEMANDED** |

## **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT UNITED AIRLINES, INC.**

Defendant United Airlines, Inc. ("Defendant" or "United"), by and through the undersigned counsel, responds to the Complaint of Plaintiff Evolve Interactive LLC ("Plaintiff" or "Evolve") and states as follows:

## **THE PARTIES**

1. Defendant is without knowledge of the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore the allegations are denied.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## **JURISDCTION AND VENUE**

3. Defendant admits that the allegations in Plaintiff's Complaint purport to arise under the Patent Act as stated in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits Paragraph 4 of Plaintiff's complaint to the extent the Court has subject matter jurisdiction over the allegations as plead pursuant to 28 U.S.C. §§ 1331 and 1338. Defendant denies any remaining allegations of Paragraph 4.

5. Defendant admits that it conducts business in the forum. Defendant denies any remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that venue in the district is proper. Defendant is without knowledge of the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore the remaining allegations are denied.

## THE PATENT-IN-SUIT

7. Defendant admits that U.S. Patent No. 7,068,596 was issued by the U.S. Patent and Trademark Office on June 27, 2006 and was titled "Interactive Data Transmission System Having Staged Servers." Defendant further admits that Exhibit A to Plaintiff's Complaint appears to be a copy of the '596 patent. Defendant is without knowledge of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore the remaining allegations are denied.

8. Defendant is without knowledge of the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore the allegations are denied.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,068,596

9. Defendant realleges and reasserts its answers to the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies Plaintiff's prayer for relief including sub-paragraphs A., B., C., and D. of Plaintiff's Complaint.

15. Defendant denies all allegations not specifically admitted herein. Defendant requests that the Complaint be dismissed with prejudice and Defendant be allowed to recover costs, fees, and such other relief as the Court deems just and proper.

## ASSERTED DEFENSES

In addition to the defenses asserted below, United expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### FIRST DEFENSE – NONINFRINGEMENT

16. United does not infringe, and has not infringed, directly, indirectly, by inducement, contributorily, or in any way, any valid claim of the '596 patent, either literally or under the doctrine of equivalents, willfully, or otherwise.

### SECOND DEFENSE - INVALIDITY

17. All claims of the '596 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD DEFENSE – FAILURE TO STATE A CLAIM

18. Plaintiffs' Complaint fails to state a claim against United upon which relief may be granted because United has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Plaintiff. Plaintiff, moreover, fails to make any sufficient factual allegation showing that any United product is in fact covered by the claims of any of the '596 patent.

## COUNTERCLAIMS

### PARTIES

1. United Airlines, Inc. ("United") is a Delaware company with a place of business at 233 South Wacker Drive, Chicago, Illinois.

2. Upon information and belief, Evolve Interactive LLC ("Evolve") is a Texas limited liability company with a place of business located at 312 W. 8th Street, Dallas, Texas 75208.

### JURISDICTION AND VENUE

3. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. Evolve is subject to personal jurisdiction in this District arising out of their purposeful acts and/or transactions directed toward this District, specifically availing themselves of the jurisdiction of this Court by filing the Complaint.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391.

### COUNT ONE – DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,068,596

6. United incorporates by reference and realleges the allegations set forth in paragraphs 1-5 of these Counterclaims.

7. Evolve claims to be owner by assignment of U.S. Patent No. 7,068,596 ("the '596 patent"), entitled "Interactive Data Transmission System Having Staged Servers" filed on October 26, 2000 and issued June 27, 2006. The '596 patent identifies on its face Hensen Mou as inventor.

8. An actual and justiciable controversy exists between United and Evolve with respect to the '596 patent. Evolve has sued United for infringement of the '596 patent. Moreover, Evolve's requested relief seeks a judgment that United has infringed and should pay damages to

Evolve. In so doing, Evolve has concretely and immediately threatened United itself with assertion of the '596 patent and thereby created a justiciable controversy with respect to the '596 patent. Absent a declaration of non-infringement of the '596 patent, Evolve will continue to wrongfully threaten United with assertion of the '596 patent, and consequently cause United irreparable injury and damage.

9. Evolve has no reasonable basis on which to assert that United directly infringes, induces infringement of, or contributorily infringes any claim of the '596 patent.

10. United does not infringe, and has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '596 patent and it entitled to a declaration to that effect.

11. To resolve the legal and factual questions raised by Evolve, and to afford relief from the uncertainty and controversy that Evolve's accusations have precipitated, United is entitled to a declaratory judgment that it does not infringe any claim of the '596 patent.

12. This is an exceptional case entitling United to an award of attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNT TWO – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,068,596**

13. United incorporates by reference and re-alleges the allegations set forth in paragraphs 1-12 of these Counterclaims.

14. All claims of the '596 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. More specifically, upon information and belief, the claims of the '596 patent are invalid as anticipated under 35 U.S.C. § 102 or as obvious pursuant to 35 U.S.C. § 103 by prior art disclosing the same features as those claimed in the '596 patent or accused of infringing by

5

Evolve including, without limitation, references that appear on the face of the '596 patent and products that have been accused of infringing but were manufactured, used, sold, offered for sale, and were otherwise publicly available in the United States before the invention described in the '596 patent.

16. One or more claims of the '596 patent are also invalid under 35 U.S.C. § 112 as a result of indefinite claim language and failure to comply with the enablement and written description requirements. The claims of the '596 patent, by way of example and without limitation, include terms that do not appear to be adequately described in the patent's specification, or claim material that the specification does not teach one of ordinary skill in the art to make or use.

17. The allegations above are exemplary only since this case is at the pleadings stage, United's investigation into the '596 patent is only beginning, and Evolve has not provided sufficient detail regarding how United infringes.

18. To resolve the legal and factual questions raised by Evolve, and to afford relief from the uncertainty and controversy that Evolve's accusations have precipitated, United is entitled to a declaratory judgment that all claims of the '596 patent are invalid under 35 U.S.C. § 1 et seq.

19. This is an exceptional case entitling United to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

United respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. A declaration that United does not infringe, and has not infringed, directly, literally, or under the doctrine of equivalents, willfully or otherwise, any claim of the '596 patent;

B. A declaration that the claims of the '596 patent are invalid under one or more sections of 35 U.S.C. § 1 et seq.;

C. That Evolve takes nothing and their claims for patent infringement are dismissed with prejudice;

D. That judgment be entered in United's favor against Evolve on its claims for patent infringement;

E. An Order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285;

F. An award to United of costs and attorneys' fees incurred in this action; and

G. An Order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, United hereby demands a trial by jury on all issues so triable.

Dated: June 17, 2021

| | |
|---|---|
| Meredith Martin Addy |    /s/ Kenneth L. Dorsney |
| (*Pro Hac Vice* to be submitted) | Kenneth L. Dorsney (#3726) |
| Charles A. Pannell, III | Cortlan S. Hitch (#3726) |
| (*Pro Hac Vice* to be submitted) | MORRIS JAMES LLP |
| **ADDYHART P.C.** | 500 Delaware Avenue, Suite 1500 |
| 10 Glenlake Parkway, Suite 130 | Wilmington, DE 19801 |
| Atlanta, GA 30328 | (302) 888-6800 |
| 312.320.4200 | kdorsney@morrisjames.com |
| 770.715.2020 | chitch@morrisjames.com |
| meredith@addyhart.com | |
| cpannell@addyhart.com | *Attorneys for Defendant United Airlines, Inc.* |

Benjamin Cappel
(*Pro Hac Vice* to be submitted)
**ADDYHART P.C.**
401 North Michigan Ave.
Suite 1200-1
Chicago, Illinois 60611
732.991.7285
ben@addyhart.com